UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DR. HARRY GAUS                                    :

                Plaintiff,              :

                                        **MEMORANDUM**
    - against -                                    :       **DECISION AND ORDER**

CONAIR CORPORATION                      :       94 Civ. 5693 (FM)

                Defendant.         :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        On August 10, 2005, the Court issued an Order (the "August 10th Order") granting defendant Conair Corporation's motion to recover the $65,611 in premiums it expended for a $10 million supersedeas bond. (Docket No. 179). In the same Order, the Court denied Conair's motion to recover transcript costs and reserved decision on Conair's request to recover the sums it spent to secure an $18.5 million letter of credit. The Court allowed ten days for Conair to file supplemental papers regarding the cost of a supersedeas bond in the amount of $28.5 million and gave the plaintiff, Dr. Harry Gaus ("Dr. Gaus"), five days to respond.

        On August 24, 2005, Conair filed its supplemental papers. (Docket No. 182). Rather than responding to that submission, Dr. Gaus filed a motion on the same date for reconsideration of the Court's August 10th Order. (Docket Nos. 181, 183).

For the reasons set forth below, the Court now grants Conair's application to recover the costs incurred in securing the letter of credit and denies Dr. Gaus' motion for reconsideration.

A. Conair's Motion for Costs

As noted in the August 10th Order, in Trans World Airlines, Inc. v. Hughes, 515 F.2d 173, 178 (2d Cir. 1975), the Second Circuit allowed a defendant to recover the cost of a letter of credit used to secure a judgment pending appeal. (August 10th Order at 4). The Second Circuit later clarified in Lerman v. Flint Distrib. Co., 789 F. 2d 164, 166 (2d Cir. 1986), that the Trans World Airlines decision was limited to circumstances where the letter of credit served the same purpose as a supersedeas bond, the arrangement was agreed to by the opposing party and approved by the Court, and the alternative arrangement cost less than a supersedeas bond would have cost. Id. at 166. In the August 10th Order, Conair was directed to submit proof that it met the third of these requirements.

As part of its supplemental papers, Conair has submitted the affidavit of Natalie Reingold, Assistant Vice-President of the Surety Department of Marsh, U.S.A., Conair's insurance broker. (See Decl. of Gregory A. Brehm. Esq., dated Aug. 24, 2005, Ex. A (Aff. of Ms. Reingold, dated Aug. 23, 2005)). Attached to the Reingold affidavit are two quotes that Marsh received in 2002 for a proposed surety bond in the amount of $28 million. The first surety offered to issue a $28 million bond at a rate of $12.50 per thousand (or a total of $350,000) per year, provided that Conair furnished a letter of credit

to secure 50% of the amount of the bond. (See Reingold Aff. Ex. 1). The second surety quoted a rate of $15-$20 per thousand (or a total of $420,000-$560,000) per year, but would have required Conair to post collateral sufficient to secure 100% of the bond. (See id.).

Conair's letter of credit was in effect from February 20, 2003 to August 25, 2004, i.e., one year and 187 days), Accordingly, if Conair had obtained a supersedeas bond for the full $28 million that I had required be posted and kept it in place for this entire period, it would have had to pay a minimum of $528,000 ($350,000 + ($350,000 x 187 ÷ 366)), assuming that the rates quoted in 2002 remained applicable during this period. Conair also would have had the cost of posting a letter of credit or other collateral. Thus, the actual $286,210.35 combined cost of the $18 million letter of credit ($220,599.35) and the $10 million supersedeas bond ($65,611) was substantially lower than the likely cost of a $28 million supersedeas bond. As such, Conair is entitled to recover from Dr. Gaus the $220,599.35 in fees it spent on the $18.5 million letter of credit.

B.  Gaus' Motion for Reconsideration

In support of his motion for reconsideration, Dr. Gaus argues, as he did in his original objections to Conair's Bill of Costs, that he is not in a position to pay any costs taxed against him. (See Pl.'s Mot. for Recons. at 2, Pl.'s Objections to Def.'s Bill of Costs at 2). He states that he is retired, has been working part-time, has a heart condition which impedes his ability to work, and has limited assets. He also contends that he

3

cannot be faulted for failing to settle because he never received a $10 million settlement offer from Conair. (Pl.'s Mot. for Recons. at 2). He further emphasizes the marked difference between his personal financial condition and that of Conair. Finally, he contends that he should not be penalized merely because the judgment in his favor was reversed on appeal. (Id. at 3).

The determination of a motion for reconsideration is a matter committed to the "sound discretion of the district court judge and will not be overturned on appeal absent an abuse of discretion." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983); accord Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000). Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must set forth "concisely the matters or controlling decisions which counsel believe the court has overlooked." "Local Rule [6.3] is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." In re Integrated Res. Real Estate Ltd. Partnerships Secs. Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y. 1993). "A party making such a motion 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (quoting De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)).

Dr. Gaus has failed to point to any evidence or controlling law overlooked by the Court in connection with the August 10th Order.  All of the arguments Dr. Gaus presents in support of his motion for reconsideration were considered by the Court and factored into its decision.  As evidenced by the text of the Order itself, the Court extensively considered Dr. Gaus' financial circumstances, but nonetheless found that he had not made a showing sufficient to overcome the presumption that costs should be awarded to Conair.  (August 10th Order at 8-9).  Furthermore, the case law cited by Dr. Gaus in his motion for reconsideration, which stands for the proposition that the Court may consider a party's ability to pay in awarding costs, was also reviewed and considered by the Court.  (See id. at 9).

In his motion for reconsideration, Dr. Gaus again alleges that Conair never offered to settle this case for $10 million.  (See Pl.'s Mot. for Recons. at 2; Pl.'s Resp. to Def.'s Mot. for Costs at 9 n.12).  Even if I were to accept Dr. Gaus' version of the parties' settlement discussions, this would not alter my view that an award of costs against Dr. Gaus is proper.

C. Conclusion

For the foregoing reasons, Conair is entitled to recover the $220,599.35 it expended for the letter of credit and Gaus' motion for reconsideration is denied.  The

Clerk of the Court consequently is respectfully requested to tax costs totaling $286,210.35 against plaintiff Dr. Harry Gaus.

SO ORDERED.

Dated:   New York, New York
         December 29, 2005

                                                    _____
                                                              FRANK MAAS
                                                      United States Magistrate Judge

Copies to:

Arthur Beeman, Esq.
Susan L. Williams, Esq.
Robert H. Eichenberger, Esq.
Frost Brown Todd LLC
Attorneys for Plaintiff
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
Via Facsimile @ (502) 581-1087

Alan M. Anderson, Esq.
Attorney for Plaintiff
Fulbright & Jaworski L.L.P.
225 South 6th Street- Suite 4850
Minneapolis, Minnesota 55402-4320
Via Facsimile @ (612) 321-9600

Walter Hanchuk, Esq.
Michael O. Cummings, Esq.
Morgan & Finnegan L.L.P.
345 Park Avenue
New York, New York 10154
Via Facsimile @ (212) 751-6849

John F. Triggs, Esq.
Greenberg Traurig, LLP
Attorneys for Defendant
885 Third Avenue
New York, New York 10022
Via Facsimile @ (212) 688-2449